SAMUEL NATHAN V. STATE OF NEBRASKA.

FILED DECEMBER 23, 1915.    No. 19335.

1. Intoxicating Liquors: UNLAWFUL POSSESSION: COMPLAINT: RIGHT TO FILE. Section 3864, Rev. St. 1913, which provides that it shall be a misdemeanor for any person to keep for the purpose of sale without license any malt, spirituous or vinous liquors in the state of Nebraska, does not restrict the filing of a complaint for a violation of such provision to a credible, resident freeholder of the county where such complaint is filed. That restriction relates solely to the obtaining of a search warrant for the purpose of searching the premises of the accused.

2. Criminal Law: COMPLAINANT AND WITNESSES: EVIDENCE OF MOTIVES: GROUND FOR REVERSAL. The fact that one who files a complaint against another, charging him with the commission of a crime, is actuated in the filing of such complaint by some ulterior motive, may be shown for the purpose of affecting his credibility; and the same rule will apply as to witnesses in his employ who are called for the purpose of establishing his complaint; but such fact will not excuse the crime of the person complained against, nor will the admission of such testimony be ground for the reversal of a conviction had thereunder, where the court properly charges the jury as to the weight which should be given to such testimony.

3. Instructions examined, and *held* to have fully and fairly submitted the case to the jury.

ERROR to the district court for Washington county: WILLIAM A. REDICK, JUDGE. *Affirmed.*

*G. W. Shields & Sons,* for plaintiff in error.

*Willis E. Reed, Attorney General, Charles S. Roe* and *George A. Doll, contra.*

FAWCETT, J.

Defendant was convicted in the district court for Washington county on two counts of an information, the first of which charged the sale of intoxicating liquors on June 7, 1914, without having obtained a license so to do, and the second of which charged that on the 7th day of June, 1914, defendant was keeping for purpose of sale without a license intoxicating liquors, commonly called beer. From this conviction defendant prosecutes error.

The errors assigned are: First, that the county court, in which the information was first filed, never obtained jurisdiction of the subject matter, because it did not appear that the complaining witness was a credible, resident freeholder of Washington county at the time he made and filed the complaint; and, second, that the district court did not therefore acquire jurisdiction. The argument in support of these two assignments is based on section 3864, Rev. St. 1913. The section is a long one and will not be set out in full. It first provides that it shall be unlawful for any person to keep for the purpose of sale without license any malt, spirituous, or vinous liquors in the state of Nebraska, and that any person or persons who shall be found in possession of any such liquors, with the intention of disposing of the same without license, "shall be deemed guilty of a misdemeanor, and on conviction thereof shall be fined or imprisoned as provided in section twelve of this chapter." It then makes certain exceptions in favor of physicians or druggists, and of liquor kept for sacramental purposes or by persons having the same in their possession for home consumption. It then provides that if any credible, resident freeholder of any county in the state shall, before any police judge, county judge, or justice of the peace, make a sworn complaint in writing that he has reason to believe and does believe that any intoxicating liquor is owned or kept in the county by any person named or described in the information, with the intention to sell the same without license, the magistrate shall, if he believes there is probable cause therefor, issue his war-

rant for the search of the premises described in the complaint. It then defines how the officer shall proceed if upon a search he finds liquor on the premises, and further provides that, in case the place described in the complaint is the residence of the person named in the complaint or of any other person, then and in that case the warrant to search the premises shall not issue unless the complaint shall state that within 30 days immediately preceding the filing thereof liquor has been sold therein in violation of the act. It will be seen from this statement that the provision requiring a complaint to be made by a credible, resident freeholder has no application to a prosecution for a violation of this section of the statute, but relates solely to the obtaining of a search warrant for the purpose of searching the premises of the accused. The prosecution for the violation proceeds, and on conviction the defendant must be fined or imprisoned in the same manner as prosecutions under section 12 of the act which relates to the sale of the liquors named without a license.

The fifth and sixth assignments urge that the prosecution was instituted solely for the purpose, upon the part of the complaining witness, of extorting money from the defendant, and that such prosecution constituted an unlawful use of the criminal arm of the law. These two assignments are based upon evidence of the fact that the complaining witness had an alleged claim against the defendant which he had been trying to collect, but had been unable to do so, and that this prosecution was either for the purpose of frightening the defendant into settling the claim, or for revenge. While we are fully in accord with counsel for defendant in condemning such a course on the part of any one, we cannot hold that it is a defense to a prosecution of the person complained of, where the evidence shows him to be guilty. The ulterior motive of the complainant may be shown for the purpose of affecting his credibility, and the same rule will apply as to witnesses in his employ who are produced by him for the purpose of establishing his complaint; but this improper

conduct will not excuse the crime of the one complained against, nor will the admission of such testimony be ground for reversal of a conviction had thereunder, where the court properly charges the jury as to the weight which should be given to such testimony. This was clearly done by the trial court in this case.

The third and fourth assignments are that the verdict and judgment are not supported by sufficient evidence and are contrary to law. These assignments rest chiefly upon the fact that the principal testimony was given by the complainant, who was running a detective agency, and by his employees. If no other evidence had been offered, we probably could not disturb the verdict of the jury, who under the law were the judges of the credibility of the witnesses; but the state is not compelled to rely upon the testimony of such witnesses alone. Their testimony is materially corroborated by the witness Kopecky, whose testimony would have been sufficient, standing alone, to sustain the conviction.

We find no error in the record.

AFFIRMED.

LETTON, J., not sitting.